CHARLES BOUTON *v.* THE DRY DOCK, GRAND STREET AND SOUTH FERRY STAGE COMPANY.

Under the act providing for the association and organization of stage companies, (chap. 142, Session Laws of 1854,) the amounts subscribed by stockholders do not become payable until the subscriptions are called for by resolution of the board of directors.

The amount of such subscription cannot, therefore, be set off by the company against a claim due by them, without proof that such subscription has become payable.

THE defendants were an association organized pursuant to the act for the regulation of stage routes in the city of New York, passed April 4, 1854. (Sess. Laws of 1854, chap. 142.) The plaintiff sued them for goods sold. The Marine Court allowed the defendants to set off the par value of four shares of their capital stock, as money due them upon the plaintiff's subscription for such four shares.

On the trial the sale was admitted. It was also admitted that the defendants were an association organized as above stated. The defendants gave in evidence the book of subscriptions to the capital stock of the company, wherein the plaintiff agreed to take four shares.

*Samuel Brown*, for the plaintiff.

*Henry D. Lapaugh*, for the defendants.

By THE COURT. WOODRUFF, J.—The admission that the defendants were an association duly organized, and that the plaintiff was a subscriber to its stock, in the absence of any proof that his subscription was made after the certificate of organization, &c., was filed, or that the whole of the capital stock was not subscribed before such filing, may, under section 2 of the act under which the association is formed, (chap. 142 of Laws of 1854,) be deemed *prima facie* evidence that ten per cent. of the subscription has been paid.

But the more clear and conclusive objection to the allowance to the set off claimed by the defendants is, that no evidence whatever was given on the trial that the amount subscribed had become payable. By section 7 of the act, the directors may require the subscribers to pay the amounts subscribed in such manner and in such installments as they may deem proper; and this section in the provisions then following clearly contemplates a "resolution" by the directors, fixing the manner and the installments required. The plaintiff's subscription is subject to this provision, and he did not agree to pay, and is not bound to pay until so required. Upon another trial, the further and necessary proofs on this subject may, perhaps, be supplied; but on the evidence contained in the return, the set off was not only allowed for ten per cent. more than was presumptively unpaid, but it ought not to have been allowed at all, without evidence that the subscription had become payable, under a proper call by the directors for payment.

So that, whether the subscription was or was not a valid subscription under the case cited by the appellants' counsel, (*Jenkins* v. *Union Turnpike Co.*, 1 Caines' Cases, 86,)—though I incline to the opinion that it was a valid agreement between the parties—the judgment must be reversed.

Judgment reversed.